IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ORLANDO PACHECO,

       Petitioner,

   v.

MIKE GIAMBRUNO, Superintendent,

       Respondent.

Civil Action No.
9:01-CV-0318 (GLS)(DEP)

_____

APPEARANCES:

FOR PETITIONER:

ORLANDO PACHECO, *pro se*
98-A-3406
Washington Correctional Facility
P.O. Box 180
Comstock, NY 12821-0180

FOR RESPONDENT:

HON. ELIOT SPITZER
Office of the Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

OF COUNSEL:

STEVEN H. SCHWARTZ
Principal Attorney

## REPORT AND RECOMMENDATION

Petitioner Orlando Pacheco, a New York State prison inmate

convicted in 1999 of one count of the criminal sale of a controlled

substance in the third degree, seeks federal habeas relief pursuant to 28

U.S.C. § 2254.  In support of his petition, Pacheco asserts seven separate

grounds for federal habeas intervention.  For the reasons set forth below, I

recommend that the petition be denied.

I.    BACKGROUND

      A.    Factual Background

      According to the testimony adduced at Pacheco's criminal trial, on

July 8, 1997, A.R.,[1] a confidential informant working in cooperation with the

Albany County Sheriff's Department ("Sheriff's Department"), agreed to

make a controlled purchase of heroin to facilitate that agency's efforts to

apprehend drug dealers operating in the area.  *See* Transcript of Trial of

Orlando Pacheco (1/5/98) ("Tr.") at 59-60.  Before attempting to make that

purchase, A.R. was strip-searched by the authorities, a "body wire" was

placed on his person, and he was given twenty-five dollars to be used in

purchasing the narcotics.  Tr. at 60-63.  Investigator Douglas Vogel of the

Sheriff's Department then drove A.R. to a prearranged location in Albany,

New York.  Tr. at 64.

---

[1]      Because of the nature of the confidential informant's work, I refer to
this individual only by the first initials of his name.

After a period of time, A.R. observed Orlando Pacheco exit his car and approach A.R.  Tr. at 71-72.  The two spoke briefly, after which Pacheco indicated that he was in a position to sell drugs to A.R.[2]  Tr. at 73. Pacheco and A.R. then entered the vestibule of a nearby building, at which point Pacheco asked A.R. how much heroin he wanted to purchase.  Tr. at 73.  A.R. responded that he wished to buy one packet of heroin; Pacheco, however, generously offered to provide A.R. with two foil packets containing the drug, one of which was to be "on the house."  Tr. at 73. A.R. then paid Pacheco twenty-five dollars for the drugs, and the two parted company.  Tr. at 74-75.

Through use of the body wire with which A.R. was outfitted, Investigator Vogel, who had observed A.R. meet with Pacheco (Tr. at 191), was able to overhear the transaction between A.R. and Pacheco as it occurred.  Tr. at 192-93.  Immediately after the drug purchase, Investigator Vogel and A.R. met at a local convenience store, at which time A.R. produced and gave Investigator Vogel two tin foil packages, at least one of which contained a substance that later proved to contain

---

[2]     A.R. testified that he asked Pacheco if he was "straight," to which he responded "Yes, I am."  Tr. at 72-73.  A.R. claimed that Pacheco's statement that he was "straight" signified to A.R. that Pacheco was able to sell drugs to A.R.  Tr. at 72.

heroin.[3]  Tr. at 193, 315-23.

   B.   State Court Proceedings

   On or about July 16, 1997, Pacheco was indicted by an Albany

County grand jury and charged with one count of third degree criminal sale

of a controlled substance, in violation of N.Y. Penal Law § 220.39[1].  *See*

Appeal Appendix at 1.  A jury trial was held in connection with that

indictment beginning on January 5, 1998, with Acting Albany Supreme

Court Justice Dan Lamont presiding.  Following deliberations, the jury

found Pacheco guilty of the third degree criminal sale of a controlled

substance.  Tr. at 473-74.  Petitioner was thereafter sentenced by Justice

Lamont as a second felony offender to a term of seven to fourteen years

imprisonment.  *See* Transcript of Sentencing of Orlando Pacheco

(2/26/98) at 13-14.

   Pacheco appealed his conviction and sentence to the New York

---

   [3]     In New York, a person is guilty of the criminal sale of a controlled
substance in the second degree when he or she knowingly and unlawfully sells
"one or more ... substances containing a narcotic drug and the ... substances are of
an aggregate weight of one-half ounce or more."  N.Y. Penal L. § 220.41(1).
Where a person sells a narcotic drug and the weight of the substance is less than
one-half ounce, that person is guilty of the third degree criminal sale of a controlled
substance.  *See* N.Y. Penal L. § 220.39(1).  Because the combined weight of the
content of the two packets was less than one-half ounce, Lawrence Guisti, a
forensic scientist for the New York State police, only tested one of the packets for
the presence of heroin.  Tr. at 322.

State Supreme Court, Appellate Division, Third Department.  Through the assistance of counsel, Pacheco argued in that appeal that 1) he was denied his right to a fair trial because the trial court improperly admitted into evidence the two tin foil packets and their contents; 2) there was insufficient evidence presented at trial to convict him; and 3) the sentence imposed by Justice Lamont was unduly harsh and excessive.  *See* Appellate Brief (3/20/00) ("App. Br.").

During the pendency of that appeal, Pacheco filed a *pro se* motion to vacate his judgment of conviction, pursuant to N.Y. Criminal Procedural Law ("CPL") § 440.10 ("Article 440 Motion").[4]  In that application, Pacheco claimed that he was entitled to a new trial because 1) the transcripts of his trial were incomplete and/or inaccurate; 2) the prosecution engaged in misconduct by failing to present photographic evidence to both the grand and petit juries which, Pacheco claims, would have exonerated him of the charge; 3) the prosecution withheld *Brady*[5] material; and 4) Pacheco received ineffective assistance of trial counsel.  *See* Article 440 Motion at 1-6.  That motion was opposed by affirmation filed by Assistant District

---

[4]     The Article 440 motion, which was not dated by Pacheco, was received by Justice Lamont on April 10, 2000.  *See* Article 440 Motion at 1.

[5]     *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

Attorney Christopher D. Horn, Esq. ("ADA Horn").  On June 15, 2000,

Justice Lamont issued a Decision/Order in which he denied Pacheco's

Article 440 Motion in all respects.  *See People v. Pacheco*, No. 3-5279

(Alb.Cty.Ct. June 15, 2000) ("June, 2000 Decision").

The Third Department thereafter affirmed Pacheco's conviction and

sentence, *People v. Pacheco*, 274 A.D.2d 746, 711 N.Y.S. 2d 566 (3d

Dept. 2000).  On November 28, 2000, the Court of Appeals denied

Pacheco leave to appeal the Third Department's decision affirming

Pacheco's conviction and sentence.  *People v. Pacheco*, 95 N.Y.2d 937,

721 N.Y.S.2d 613 (2000).

C.   This Proceeding

Pacheco commenced this proceeding on March 5, 2001.  Petition

(Dkt. No. 1) at 1.  In his petition, Pacheco claims that 1) the prosecutor

used "false information, indictment and evidence" to convict him; 2)

"eleven issues" are "missing from the trial transcript;" 3) the heroin was

improperly allowed into evidence because the prosecution failed to

establish "an unbroken chain of custody" relating to that evidence; 4) the

prosecution improperly withheld *Brady* and *Rosario*[6] material from the

---

[6]     *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S. 2d 448 (1961).

defense; 5) the prosecution engaged in misconduct both prior to and during the course of Pacheco's trial; 6) Pacheco received ineffective assistance of trial counsel; and 7) his conviction was improper because the prosecution witnesses "all gave conflicting testimony." *See* Petition (Dkt. No. 1) at Grounds One through Seven.

The Attorney General for the State of New York, acting on respondent's behalf, has responded to Pacheco's petition by filing an answer and a memorandum of law in opposition to the petition. *See* Dkt. Nos. 11, 12.  In his response, the respondent argues that certain claims raised in the petition are unexhausted, and that all of the claims raised in the petition are without merit.  *See* Respondent's Memorandum (Dkt. No. 12) at 1-15.  Petitioner thereafter filed a "traverse" in further support of his petition.  Dkt. No. 13.

This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

II.    DISCUSSION

    A.    <u>Standard of Review</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996,

Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court

may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> > 1) resulted in a decision that was contrary to, or
> > involved an unreasonable application, of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > 2) resulted in a decision that was based on a
> > unreasonable determination of the facts in light of
> > the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d); *see also Miranda v. Bennett*, 322 F.3d 171, 177-78

(2d Cir. 2003); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).  The

AEDPA also requires that in any such proceeding "a determination of a

factual issue made by a State court shall be presumed to be correct [and

t]he applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

*see also Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal

quotations omitted).

 The Second Circuit has provided additional guidance concerning

application of this test, noting that

> [u]nder AEDPA, we ask three questions to

8

> determine whether a federal court may grant
> habeas relief: 1) Was the principle of Supreme
> Court case law relied upon in the habeas petition
> "clearly established" when the state court ruled? 2)
> If so, was the state court's decision "contrary to"
> that established Supreme Court precedent? 3) If
> not, did the state court's decision constitute an
> "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and*

*Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

> B.   Review of Pacheco's Claims

> 1.   Grounds One and Five

The first ground in Pacheco's petition bears the caption "Defective

Indictment" and alleges, in relevant part, that

> the prosecutor misled the Court, Grand Jury, Trial
> Jurors, and Defense Counsel, by using false
> information, indictment and evidence to convict the
> defendant for an allege [*sic*] drug sale.  The proof
> and the facts are noted in the trial transcripts.

Petition (Dkt. No. 1) at 7.  This patently non-specific assertion, coupled

with Pacheco's failure to reference the state court record in any

meaningful way, makes it difficult for the court to understand and analyze

this claim.  Cognizant of the Second Circuit's directive to construe *pro se*

pleadings liberally, *see Chambers v. United States*, 106 F.3d 472, 475 (2d

Cir. 1997), however, I will broadly construe petitioner's first ground to

encompass his contention both that the indictment on which he was tried was defective, and that his conviction was the product of prosecutorial misconduct. Additionally, since petitioner's fifth ground for relief advances several theories in support of a claim of prosecutorial misconduct, I also consider that ground in this portion of my report.

        a.    <u>Defective Indictment</u>

From the record now before the court, it appears that petitioner has not presented his claim that the indictment on which he was tried was defective to the state courts. This claim is therefore unexhausted.

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies, or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect petitioner's rights. *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994), *cert. denied* 515 U.S. 1118, 115 S.Ct. 2269 (1995). The exhaustion doctrine recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). Though both federal and state courts are

charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law.  *Id.*  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."  *Glover v. Bennett*, No. 98-CV-0607, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (Pooler, D.J.) (quoting *Daye*, 696 F.2d at 192) (footnote omitted).

    This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts.  *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971)).  A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court."  *Daye*, 696 F.2d at 191; *Morales v. Miller*, 41 F.Supp.2d 364, 374 (E.D.N.Y. 1999).  Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature."  *Daye*, 696 F.2d at 192; *Morales*, 41 F.Supp.2d at 374.

    When a claim has never been presented to a state court, a federal

11

court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio*, 269 F.3d at 90 (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (federal court may address merits of a habeas petition containing unexhausted claims where there is no further state proceeding for petitioner to pursue or where further pursuit would be futile), *cert. denied*, 532 U.S. 943, 121 S.Ct. 1404 (2001).  As such, I must determine whether it would be futile for Pacheco to present the newly-asserted theory regarding the indictment on which he was tried to the state courts.

Pacheco cannot now file an appeal with the Third Department in order to advance his claim challenging the propriety of the indictment because a defendant is "entitled to one (and only one) appeal to the Appellate Division." *See Aparicio*, 269 F.3d at 91.  Moreover, since "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal," *id.* (citing CPL § 440.10(2)(c)), petitioner could not now properly raise this claim, which is based upon the record, in a second Article 440 Motion.  *Aparicio*,

269 F.3d at 91; *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436 (1995).  This claim is therefore "deemed exhausted" for purposes of Pacheco's habeas application. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 170 (2d Cir. 2000); *Senor v. Greiner*, No. 00-CV-5673, 2002 WL 31102612, at *10  (E.D.N.Y. Sept. 18, 2002).

Although the claim now of issue is "deemed exhausted," it is also procedurally defaulted.  *See Aparicio*, 269 F.3d at 90.  Accordingly, review of the substance of this claim by a federal court called upon to grant habeas relief is appropriate only if the petitioner can demonstrate cause for his or her default and resulting prejudice, or present evidence to show that he or she is "actually innocent" of the crime of which he was convicted.  *Ramirez v. Attorney General of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted); *King v. Greiner*, 210 F.Supp.2d 177, 182 (E.D.N.Y. 2002) (court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence").

To establish "cause," a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant

procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct.
2546, 2566-67 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999).
Examples of external factors include "interference by officials," ineffective
assistance of counsel, or that "the factual or legal basis for a claim was not
reasonably available" at trial or on direct appeal.[7]  *Murray*, 477 U.S. at 488,
106 S.Ct. at 2645; *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d
Cir. 1992).

Pacheco has failed to establish cause for his failure to exhaust this
claim, and has never argued, in either the state courts or this proceeding,
that his trial or appellate counsel rendered ineffective assistance by failing
to argue in the state courts that the indictment against him was defective.
*See* App. Br. at 20-38; Article 440 Motion at 2-6.  Since Pacheco has not
established cause for his procedural default, I need not decide whether he
suffered actual prejudice, since federal habeas relief is generally
unavailable as to procedurally defaulted claims unless *both* cause and
prejudice is demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir.

---

[7]        It should be noted, however, that "[a]ttorney ignorance or
inadvertence is not 'cause' because the attorney is the petitioner's agent when
acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear
the risk of attorney error.'"  *Coleman*, 501 U.S. at 752-53, 111 S.Ct. at 2566)
(quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986)).

1985); *You v. Bennett*, 00-CV-7514, 2003 WL 21847008, at *7 (E.D.N.Y.

July 29, 2003) (citing *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2564-65);

*Staley v. Greiner*, No. 01CIV.6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb.

6, 2003) (citing *Stepney*); *Pou v. Keane*, 977 F.Supp. 577, 581 (N.D.N.Y.

1997) (Kahn, J.).  Additionally, particularly in view of petitioner's failure to

offer any evidence to show his actual innocence of the crime of conviction,

I find no basis to conclude that my failure to consider the merits of this

claim would result in a fundamental miscarriage of justice, which has been

interpreted as amounting to "an unjust incarceration."  *Spence*, 219 F.3d at

170.  I therefore recommend that this aspect of the first ground in

Pacheco's petition be denied on this procedural basis.[8]

　　　　b.　　Prosecutorial Misconduct

　　The portion of Pacheco's first ground for relief which alleges

---

[8]　　　I note that the respondent does not argue that this claim is
unexhausted.  *See* Dkt. No. 12 at 2-3.  Although a district court can raise, *sua
sponte*, a petitioner's failure to exhaust as a basis for the denial of federal habeas
relief, *see*, *e.g.*, *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000) (citing *United
States v. Vincent*, 507 F.2d 1309, 1312 (2d Cir. 1974)), the Second Circuit has held
that before a claim in a petition may properly be dismissed on procedural grounds
on the court's own initiative, a district court must afford the petitioner notice of its
intention to dismiss the claim on a procedural basis and an opportunity to be heard.
*Acosta*, 221 F.3d at 124.  Accordingly, if petitioner believes that his claim relating to
alleged deficiencies in the indictment should not be dismissed notwithstanding his
failure to exhaust this claim in the state courts, he should raise this contention in
timely-filed objections to this report and recommendation.

prosecutorial misconduct alleges that Assistant District Attorney Peter

Torncello, Esq. ("ADA Torncello"), who prosecuted the case against

Pacheco, "misled the Court, Grand Jury, Trial Jurors, and Defense

Counsel" by using false information and evidence to convict Pacheco.

Petition (Dkt. No. 1) at 7.  Pacheco's fifth ground for relief reiterates this

claim, and further argues that the prosecutor 1) engaged in a "private

conversation" with a juror near a courthouse elevator; 2) "testified" that an

informant, presumably A.R., provided a written statement to the

authorities; 3) withheld all *Brady* and *Rosario* material; and 4) utilized

evidence obtained in conjunction with a different indictment in order to

prosecute Pacheco on the indictment on which he was ultimately

convicted.  Petition (Dkt. No. 1) at 9.

Unlike his defective indictment argument, petitioner's prosecutorial

misconduct claim was presented to the New York state courts, having

been raised by Pacheco in his Article 440 motion.  *See* Article 440 Motion

at 3-4.  Respondent argues that despite this, petitioner has not exhausted

this – or any – of the claims raised in his Article 440 motion in light of his

purported failure to seek leave to appeal Justice Lamont's June, 2000

Decision from the Third Department.  *See* Respondent's Memorandum

(Dkt. No. 12) at 1-2.  Specifically, respondent contends that he "has been unable to find any evidence to support petitioner's claim" that he sought leave to appeal the June, 2000 Decision, and that respondent was advised by ADA Horn that Pacheco never sought leave to appeal that decision. *See* Respondent's Memorandum (Dkt. No. 12)  at 1-2.

In order to determine whether Pacheco did in fact seek leave to appeal the denial of his Article 440 Motion from the Third Department, a member of my staff contacted that court.  In response to that inquiry, the court was provided with a copy of a decision from the Third Department which establishes that Pacheco did in fact unsuccessfully seek leave to appeal Justice Lamont's June, 2000 Decision from the Third Department. *See People v. Pacheco*, No. 12253 (3d Dept. Aug. 4, 2000).[9]

Given the Third Department's response to this court's initiative, it appears that the factual premise which forms the basis for respondent's exhaustion argument is critically flawed, a circumstance which proves fatal to the argument.  Claims raised in an Article 440 motion are fully exhausted for purposes of 28 U.S.C. § 2254 where a party has sought

---

[9]     The clerk of this court has docketed a copy of the decision of the Third Department denying Pacheco's application for leave to appeal. *See* Dkt. No. 19.

leave to appeal the denial of the Article 440 motion from the appropriate Appellate Division. *E.g. Bostic v. Greiner*, No. 01 CV 5705, 2003 WL 22670908, at *3 (E.D.N.Y. Oct. 31, 2003) ("the Appellate Division's denial of an application for leave to appeal the denial of a section 440 motion is not reviewable in the Court of Appeals"); *Hutzenlaub v. Portuondo*, 232 F.Supp.2d 40, 43 (E.D.N.Y. 2002) ("no appeal lies to the New York Court of Appeals from an order of a single Justice of the Appellate Division denying leave to appeal to that Court pursuant to CPL 460.15") (internal quotation and citations omitted).  Since Pacheco – albeit unsuccessfully – sought such leave from the Third Department, *see* Dkt. No. 19, I decline respondent's invitation to recommend that the claims raised in Pacheco's Article 440 motion which petitioner also raises in this proceeding be procedurally denied as unexhausted.

   i.   <u>Clearly Established Supreme Court Precedent</u>

   A criminal defendant's fundamental right to a fair trial is mandated by the Due Process Clause of the United States Constitution.  *Allbright v. Oliver*, 510 U.S. 266, 273 n.6, 114 S.Ct. 807, 813 n.6 (1994) (citing *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399 (1976)).  Quite obviously, prosecutorial misconduct is a matter which brings into play the

constitutional mandate of a fair trial.  For federal habeas relief to be

granted based on a claim of prosecutorial misconduct, however, the

alleged misconduct must have "'so infected the trial with unfairness as to

make the resulting conviction a denial of due process.'"  *Darden v.*

*Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986) (quoting

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871

(1974)).  In considering such a claim, courts are to focus on "the fairness

of the trial, not the culpability of the prosecutor."  *Smith v. Phillips*, 455

U.S. 209, 219, 102 S.Ct. 940, 947 (1982).

> ii.    <u>Contrary To, or Unreasonable Application of, Supreme</u>
>        <u>Court Precedent</u>

The law applicable to claims alleging prosecutorial misconduct is

clearly established.  *See Davis v. Keane*, 97 CIV. 8328, 2000 WL

1041454, at *7-8 (S.D.N.Y. July 28, 2000) (citing *United States v. Young*,

470 U.S. 1, 11, 105 S.Ct. 1038, 1044 (1985) and Donnelly, 416 U.S. at

642-43, 94 S.Ct. 1868, 1871)); *see also Flores v. Keane*, 211 F.Supp.2d

426, 438 (S.D.N.Y. 2001).  I therefore must determine whether Justice

Lamont's denial of Pacheco's prosecutorial misconduct claims is contrary

to, or represents an unreasonable application of, the above-referenced

Supreme Court precedent.

1)   <u>Utilization of False Information and Evidence</u>

In his first claim, Pacheco argues in conclusory fashion that proof regarding his claim that the prosecution utilized "false information, indictment and evidence" to convict Pacheco is contained "in the trial transcripts."  Petition (Dkt. No. 1) at 7.  The fifth ground in Pacheco's habeas application reiterates this claim, but like the first claim fails to cite any specific portion of the state court record as support for this contention. *See* Petition (Dkt. No. 1) at 9.

In an effort to find the legal basis for this claim, I reviewed Pacheco's Article 440 motion.  In that application, Pacheco appears to have argued that Investigator Eugene Duda of the Sheriff's Department provided "false testimony" when he testified at trial that the drug transaction took place at 84 Morton Avenue in the City of Albany.[10]  *See* Article 440 Motion at (attached) (unnumbered) 28.  Specifically, petitioner contended in his post-conviction motion to vacate that the building located at 84 Morton Avenue contained steps, *id.*, and that A.R. had testified that he did not walk up any steps when he entered the building in which the drug transaction took place.  *Id.* at 29-30; *see also* Tr. at 144.  Pacheco argued in his Article 440

---

[10]      The indictment alleges that the transaction occurred "adjacent to 84 Morton Avenue, in the City of Albany ...."  *See* Indictment.

motion that ADA Torncello engaged in misconduct because he failed to introduce a photograph of the building located at 84 Morton Avenue during the course of Investigator Duda's testimony.  *See* Article 440 Motion at 3. Pacheco apparently contends that Investigator Duda's testimony regarding where the drug transaction took place would have been impeached had a photograph of that building, which would have depicted the steps located in front of that structure, been introduced into evidence by the prosecution. *Id.*

In denying this claim, Justice Lamont found that Pacheco failed to "allege sufficient facts" in support of his claim.  *See* June, 2000 Decision at 2 (citing CPL § 440.30(4)(a)).[11]  I therefore must determine whether that decision is contrary to, or represents an unreasonable application of, *Donnelly* and its progeny.

Pacheco's trial attorney was necessarily aware of Investigator Duda's trial testimony relating to the location at which the drug transaction took place; counsel specifically questioned Investigator Duda concerning his observation on July 8, 1997, at the time Pacheco interacted with A.R.

---

[11]     The denial of a claim pursuant to CPL § 440.30(4)(a) is one based on the merits of the claim.  *See Ortiz v. Keohane*, No. CV-94-0124, 1995 WL 669904, at *4 & n.5 (E.D.N.Y. Nov 5, 1995).

*See* Tr. at 285-300.  Since Investigator Duda testified *after* A.R., it is apparent that Pacheco's counsel chose, presumably for strategic reasons, not to utilize photographs of one or more buildings located on Morton Avenue in order to explore possible discrepancies in Investigator Duda's testimony relating to the address at which the drug sale took place. Regardless, Pacheco has not provided any authority – and this court is aware of none – which stands for the proposition that a prosecutor is required to impeach his or her own witness if that impeachment evidence, which is made available to the defense for use on cross-examination, might benefit the defendant.  Petitioner has therefore failed to establish that ADA Torncello engaged in misconduct by opting not to present a photograph of the 84 Morton Avenue building during its case against Pacheco.  *A fortiori*, petitioner has failed to demonstrate that Justice Lamont's decision denying this claim in his Article 440 motion is either contrary to, or represents an unreasonable application of, the above-referenced Supreme Court precedent.

### 2)   Conversation with Juror

In his decision, Justice Lamont also denied Pacheco's claim that ADA Torncello improperly spoke with a juror during the course of

Pacheco's trial, finding the argument unsupported by any evidence.[12]  *See* June, 2000 Decision at 4-5.  In support of his petition, Pacheco has similarly not provided any evidence which supports this claim.  *See* Petition (Dkt. No. 1) at 9.  The petitioner bears the burden of proving in his habeas petition that his constitutional rights were violated in the state court proceeding.  *See Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997) (citing *Walker v. Johnston*, 312 U.S. 275, 286, 61 S.Ct. 574, 579 (1941)) (petitioner has the burden of "sustaining his allegations by a preponderance of evidence" on collateral review) (other citations omitted); *Frazier v. New York*, 187 F.Supp.2d 102, 108 (S.D.N.Y. 2002) (citation omitted).  Pacheco's failure to provide evidence in support of this aspect of his claim represents a failure on his part to shoulder this burden.  I therefore conclude that petitioner has not established that Justice Lamont's denial of this aspect of Pacheco's Article 440 Motion is either contrary to, or represents an unreasonable application of, *Donnelly* and its progeny.

---

[12]     Although not stated in his federal petition, Pacheco claimed in his Article 440 application that at the time of the alleged conversation, the prosecutor appeared to be "coaching" the juror.  *See* Article 440 Motion at 4.

3)      Prosecution's Statement Regarding Informant

Petitioner next asserts that "the prosecutor testified that the

informant wrote a written statement."  *See* Petition (Dkt. No. 1) at 9.

Pacheco contends that because A.R. testified at trial that he never "wrote

or signed any written statements," ADA Torncello's contradictory statement

at trial amounts to prosecutorial misconduct.  *Id.*

A.R. testified on cross-examination that he did not provide a

statement to the authorities regarding the drug transaction.  *See* Tr. at

158.  Pacheco has failed, however, to point to any portion of the record

which indicates that A.R.'s testimony was inconsistent with "testimony"

offered by the prosecution relating to this issue.  Moreover, my review of

portions of the trial transcript fails to reveal any comments on the part of

ADA Torncello during the course of Pacheco's trial to the effect that A.R.

had provided a statement to the authorities.[13]  Since Pacheco has failed to

provide record support for this aspect of his petition, I recommend that this

portion of his habeas application be denied.  *See Walker*, 312 U.S. at 286,

---

[13]      I note that I did not review the entire trial transcript, which consists of
nearly 500 pages.  *See* Tr.  Both the prosecution's opening and its summation,
where such comments would most likely have been made, were reviewed.  In any
event, a minor discrepancy between a prosecutor's opening or closing statement
and the evidence adduced at trial alone does not constitute prosecutorial
misconduct of constitutional significance.

61 S.Ct. at 579; *Whitaker*, 123 F.3d at 716; *Frazier*, 187 F.Supp.2d at 108.

### 4)    Improper Indictment

The final components of petitioner's prosecutorial misconduct[14] claim asserts that the prosecutor improperly used evidence which had been obtained in connection with another indictment in order to either secure the indictment against Pacheco or prosecute petitioner on the criminal sale of a controlled substance charge.  *See* Petition (Dkt. No. 1) at 9.  Although Pacheco's petition does not indicate whether he now claims that the foregoing violated his rights at the grand jury stage or later at his criminal trial, *see* Petition (Dkt. No. 1) at 9, his Article 440 Motion, liberally construed, could be viewed as one alleging that the prosecution's conduct relating to that evidence violated Pacheco's rights at both points in the process.  *See* Article 440 Motion at 3.

Viewing this claim as one challenging the propriety of the grand jury proceedings relating to Pacheco, I note that there is no constitutional right to a grand jury in a state criminal prosecution.  *See Mirrer v. Smyley*, 703 F.Supp. 10, 11-12 (S.D.N.Y. 1989); *see also Alexander v. Louisiana*, 405

---

[14]    Petitioner's claims which allege that the prosecution engaged in misconduct by committing *Brady* and *Rosario* violations are addressed in the portion of this report discussing petitioner's *Brady* and *Rosario* claims.  *See* pp. 35-40, *post*.

U.S. 625, 633, 92 S.Ct. 1221,1226-27 (1972).  Accordingly, claims based on alleged defects in grand jury proceedings are not reviewable in a petition for habeas corpus relief unless they present an independent federal constitutional claim.  *See Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir. 1989); *Barnes v. Giambruno*, No. 01 CIV. 8965, 2002 WL 850020, at *7 (S.D.N.Y. May 2, 2002) ("It is clearly established in this Circuit that [grand jury claims are] not cognizable [under § 2254]") (citing *Lopez*).  In the present action, petitioner has not asserted any independent federal constitutional claim regarding the grand jury proceedings below.

Assuming the implication of a constitutional right, as relates to the grand jury proceedings against him, in this ground of his petition, Pacheco's actions would nonetheless not be eligible for habeas relief, since any error in the grand jury proceedings relating to the indictment on which he was convicted was cured by the subsequent conviction on the charge by the petit jury.  *See Velez v. People of the State of New York*, 941 F.Supp. 300, 316 (E.D.N.Y. 1996).  Since the other indictment referenced by Pacheco in his Article 440 Motion was dismissed by the prosecution in May, 1998, *see* Article 440 Motion at 3, petitioner's claims relating to the grand jury proceedings fail to present any federal

constitutional issue.

Considering this ground as one alleging that Pacheco's constitutional rights were violated at his criminal trial on the indictment, I note that Pacheco has not provided sufficient facts upon which I could ascertain whether petitioner is entitled to habeas relief.  Specifically, Pacheco alleges that ADA Torncello improperly used "exculpatory evidence" obtained during an unrelated criminal investigation relating to Pacheco, and "transfer[red] the document over to" the indictment on which Pacheco was convicted.  Petition (Dkt. No. 1) at 9.  Pacheco's failure, however, to state which "document" was improperly utilized by ADA Torncello, coupled with petitioner's failure to cite any portion of the trial record as support for this claim, represents a fatal failure on his part to establish this aspect of his prosecutorial misconduct claim.  Accordingly, I recommend that this portion of his petition be denied due to Pacheco's failure to sustain his burden of proof.  *See Walker*, 312 U.S. at 286, 61 S.Ct. at 579; *Whitaker*, 123 F.3d at 716; *Frazier*, 187 F.Supp.2d at 108.

2.   Ground Two

The second ground in the petition argues that "eleven issues" are missing from the trial transcript.  Petition (Dkt. No. 1) at 7.  Although not

stated in his federal petition, Pacheco argued in his Article 440 Motion that missing portions of the trial transcript hampered his ability to properly pursue his appeal of his conviction.  *See* Article 440 Motion at 2.

In addressing this element of Pacheco's petition, I begin with the premise that "[n]o constitutional or federal statutory right exists to an absolutely accurate trial transcript."  *Burrell v. Swartz*, 558 F.Supp. 91, 92 (S.D.N.Y. 1983); *see Karabin v. Petsock*, 758 F.2d 966, 969 (3d Cir.) ("[t]he Supreme Court ... has never held that due process requires a verbatim transcript of the entire proceedings") (internal quotation and citation omitted), *cert. denied*, 474 U.S. 857, 106 S.Ct. 163 (1985).  Since no clearly established Supreme Court precedent required that Pacheco be provided with an absolutely accurate transcript, he is thus unable to establish that Justice Lamont's decision denying this aspect of Pacheco's Article 440 Motion is contrary to, or an unreasonable application, clearly established Supreme Court precedent.  *See Smith v.  Barkley*, No. 9:99-CV-0257, 2004 WL 437470, *6 (N.D.N.Y. Feb. 14, 2004) (Sharpe, J.) (citation omitted).[15]  I therefore recommend that this ground be denied.

---

[15]    I further note that petitioner failed to articulate with any specificity, in either the state courts or this proceeding, in what way he was prejudiced by the transcript inaccuracies or deficiencies of which he now complains.

28

### 3.   Ground Three

In his third ground, petitioner argues that Justice Lamont improperly allowed the controlled substance purchased by A.R. from Pacheco to be offered as evidence against him at his trial.  *See* Petition (Dkt. No. 1) at 8. Specifically, petitioner argues that the prosecution failed to prove "an unbroken chain of custody" relating to that evidence, and that, as a result, Pacheco's rights were violated by its admission.  *Id.*

### i.   Clearly Established Supreme Court Precedent

Historically, when evaluating convictions in the face of collateral habeas challenges alleging error on the part of the trial court, habeas courts have inquired whether the trial court's error had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722 (1993) (other citation omitted); *see also Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253 (1946).  Several circuit courts however, have questioned the continuing vitality of the *Brecht* test in light the AEDPA's mandate that federal courts are only to determine whether the state court "unreasonably applied" clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  The AEDPA has thus injected uncertainty into the

29

question whether federal courts are to review errors found to be harmless

by the state courts under the *Brecht* standard or instead under the

"harmless beyond a reasonable doubt" standard articulated by the

Supreme Court in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824,

828 (1967).

Some circuit courts have held that the *Brecht* standard must still be

applied to claims alleging trial court error notwithstanding the AEDPA.[16]

*See Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003) ("The *Brecht*

standard has survived the enactment of the AEDPA"); *Robertson v. Cain*,

324 F.3d 297, 299 (5th Cir. 2003) (the "AEDPA's restrictions on federal

review of state habeas decisions do not alter *Brecht's* mandate for

harmless error analysis by federal courts"); *Herrera v. Lemaster*, 301 F.3d

1192, 1200 (10th Cir. 2002) ("in cases governed by AEDPA, the habeas

court is to apply the harmless error standard set out in *Brecht*").  Other

---

[16]     The Second Circuit has acknowledged that this issue remains
unresolved in this circuit, but to date has found it unnecessary to stake out a
position in light of its finding in cases potentially presenting the issue that its
disposition of the habeas petition was the same under either standard.  *See*, *e.g.*,
*Brown v. Keane*, 355 F.3d 82, 91 (2d Cir. 2004) ("As this court has observed
several times, it is an open question in this circuit whether, following the passage of
AEDPA, the applicable test on habeas review of a state conviction remains the one
set forth in *Brecht*, or instead should be a determination whether the state court's
decision was contrary to, or involved an unreasonable application of *Chapman*")
(internal quotations omitted) (collecting cases).

circuits, by contrast, have opined that federal courts may now be required to consider whether the state court's ruling was contrary to, or represented an unreasonable application of, *Chapman.  See Anderson v. Cowan*, 227 F.3d 893, 898 (7th Cir. 2000) (questioning the continued viability of *Brecht* in light of amended § 2254, but finding it unnecessary to resolve the question because "[e]ven if we assume that *Brecht* articulates a more generous standard than AEDPA, we must conclude that, under that more generous standard, the error was harmless"); *Whitmore v. Kemna*, 213 F.3d 431, 433-34 (8th Cir. 2000) (suggesting that after a state court has applied a *Chapman* harmless error analysis, the federal court must ask only whether the state court's application of the *Chapman* error standard was "unreasonable").[17]  In view of the uncertainty within this circuit, I will examine the issues now raised by petitioner utilizing both standards.

---

[17]     Although the Supreme Court has cited the *Brecht* standard on two different occasions since the enactment of the AEDPA, *see Penry v. Johnson*, 532 U.S. 782, 795, 121 S.Ct. 1910, 1919-20 (2001); *Early v. Packer*, 537 U.S. 3, 10, 123 S.Ct. 362, 365-66 (2002), it does not appear that the issue of whether the *Brecht* standard survived the AEDPA was ever briefed, and that Court has never specifically indicated that the *Brecht* standard is controlling in light of the AEDPA. *See Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir.), *cert denied*, ___ U.S. ___, 123 S.Ct. 2653 (2003).

### ii.    Contrary To, Or Unreasonable Application Of, Supreme Court Precedent

The Third Department denied the aspect of Pacheco's appeal challenging the admission of the tin foil packets which contained the heroin, finding his claim to be "without merit." *Pacheco*, 274 A.D.2d at 747, 711 N.Y.S.2d at 567-68.  I must therefore consider whether this finding represented error that had a substantial and injurious effect or influence in determining the jury's verdict, or, alternatively, whether Justice Lamont's evidentiary ruling relating to that evidence was error that was not harmless beyond a reasonable doubt.

The testimony at Pacheco's trial established that he conveyed to A.R. the tin foil packets, at least one of which proved to contain heroin, Tr. at 73-76, and that A.R. provided those packets to Investigator Vogel soon after the purchase.  Tr. at 194-97.  Investigator Duda then transported that evidence to a New York State crime laboratory vault, Tr. at 267-69, from which it was subsequently removed and tested for the presence of heroin. Tr. at 309-10, 315-23.  This sequence of events, as the Third Department found, "provide[d] reasonable assurances of [the evidence's] identity and unchanged nature."  *Pacheco*, 274 A.D.2d at 747, 711 N.Y.S.2d at 568 (citations omitted).

Evidentiary rulings which allow evidence to be admitted against a defendant are "only redressable in a federal habeas corpus proceeding if ... the particular errors were of constitutional magnitude." *Hunter v. Greiner*, 99 CIV. 4191, 2000 WL 245864, at \*4 (S.D.N.Y. Mar. 3, 2000) (citing *Benitez v. Senkowski*, 97 Civ.7819, 1998 WL 668079, at \*7 (S.D.N.Y. Sept. 17, 1998)).  Moreover, where, as here, the claim is that the trial court improperly allowed certain matters into evidence, as distinct from precluding admission of evidence proffered by the defendant, the court cannot grant habeas relief unless the disputed evidence "viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.  In short it must have been 'crucial, critical, [and] highly significant.'" *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985) (quoting *Nettles v. Wainwright*, 677 F.2d 410, 414-15 (5th Cir. 1982)); *see Johnson* v. Ross, 955 F.2d 178, 181 (2d Cir. 1992); *see also Rios v. Hoke*, No. 85-CV-1241, 1988 WL 101013, at \*3 (N.D.N.Y. Sept. 19, 1988) (McAvoy, J.) (citing *Collins* and *Nettles*).

Like the state appellate court, I find that Justice Lamont properly allowed the disputed foil packets into evidence.  To the extent that there

33

were deficiencies in the chain of custody regarding that evidence, I note that "[b]reaks in the chain of custody do not bear upon the admissibility of evidence, only the weight." *Sandhu v. Burke*, No. 97 CIV. 4608, 2000 WL 191707, at *13 (S.D.N.Y. Feb. 10, 2000) (quoting *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998)).  Thus, a dispute over whether the requisite chain of custody has been established regarding evidence offered at trial is a question for jury resolution, *see Patterson v. Headley*, 58 F.Supp.2d 274, 279 (S.D.N.Y. 1999) (citations omitted), and is not properly considered in the context of habeas review under 28 U.S.C. § 2254.  *See Howard v. Keane*, CV-91-0723, 1991 WL 352488, at *1 (E.D.N.Y. Dec. 9, 1991) (*citing Summer v. Mota*, 455 U.S. 591, 102 S.Ct. 1303 (1982) and *Donnelly*, 416 U.S. at 642, 94 S.Ct. at 1871).

I therefore find that even if the chain of custody regarding the evidence was not "unbroken," petitioner has not demonstrated that it was error for Justice Lamont to permit the jury to consider that evidence and afford it the weight it deemed appropriate.  Petitioner has therefore *a fortiori* failed to establish that admission of the evidence had a substantial and injurious effect or influence in determining the jury's verdict, or, alternatively, was error that was not harmless beyond a reasonable doubt.

34

Accordingly, I recommend the denial of petitioner's third ground for relief.

4.   Ground Four

In his fourth ground, Pacheco claims that the prosecution failed to

provide him with all *Brady* and *Rosario* material to which he was entitled.

Specifically, he claims that ADA Torncello withheld certain materials from

Pacheco's trial attorney, including

> (1) Informant's Written Statement[;] (2) Bill of
> Particulars[;] (3) All evidence related to witness
> credibility[;] (4) The informant's cooperation
> contract agreement ...; [and] 5) Grand Jury
> testimony of police officer, that prosecutor knew
> was false.

*See* Petition (Dkt. No. 1) at 8.  Respondent argues that petitioner has

failed to exhaust these claims.  *See* Respondent's Memorandum (Dkt. No.

12) at 6-8.

a.   Informant's Written Statement

Petitioner argued in his Article 440 motion that the prosecution failed

to provide his counsel with a copy of a statement purportedly made by

A.R. to the authorities.  *See* Article 440 Motion at 3-4.  In considering this

aspect of Pacheco's Article 440 motion, Justice Lamont held that

> defendant's judgment is presently pending on
> appeal and sufficient facts appear on the record
> with respect to this ground and issue to permit

35

> adequate review thereof upon such an appeal, or
> else the defendant has unjustifiably failed to raise
> such ground on his appeal (see CPL § 440.10(2)(b)
> & (c)).

June, 2000 Decision at 3.[18]

The denial of an Article 440 claim on the basis of CPL § 440.10(2)(b)

constitutes a procedural denial of the claim.  *See Curry v. Bennett*, No.

02-CV-3655, 2003 WL 22956980, at *15 (E.D.N.Y. Oct. 17, 2003)

(decision denying claim under CPL § 440.10(2)(b) "clearly rest[s] ... on

New York procedural law rather than federal law"); *Hernandez v. Filion*,

No. 03 CIV. 6989, 2004 WL 286107, at *8 (S.D.N.Y. Feb. 13, 2004) (Peck,

M.J.), *adopted*, 2004 WL 555722 (S.D.N.Y. Mar. 19, 2004).  Additionally,

the denial of a claim under CPL § 440.10(2)(c) – the other section of the

CPL cited by Justice Lamont in his decision denying this aspect of

Pacheco's Article 440 motion – represents a denial of a claim on a

procedural basis.  *Veras v. Strack*, No. 98CIV.7610, 2000 WL 8249, at *1

(S.D.N.Y. Jan. 4, 2000) (citing *Dorsey v. Irvin*, 56 F.3d 425 (2d Cir. 1995))

(other citation omitted).

A federal habeas court is precluded from reviewing a claim if the

---

[18]     Since petitioner has exhausted this claim, *see* Dkt. No. 19,
respondent's argument that the claim should be dismissed due to Pacheco's failure
to exhaust (Respondent's Memorandum (Dkt. No. 12) at 6-8) is without merit.

state courts' rejection of the argument rests on "independent and adequate state grounds." *Coleman*, 501 U.S. at 736, 111 S.Ct. at 2558; *Jones v. Stinson*, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a decision in the case held that its judgment rested on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043 (1989); *Jones*, 229 F.3d at 118. If the last state court issuing a decision clearly and expressly states that its judgment rests on a state procedural bar, then the federal court may not review the claim unless the petitioner demonstrates both good cause for and actual prejudice resulting from his or her noncompliance with the state's procedural rule. *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 809 (2d Cir. 2000); *Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 126 (2d Cir. 1995). A further exception exists where the petitioner can show that he or she is actually innocent, but has been convicted and incarcerated because of a constitutional violation. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2649.

My review of Justice Lamont's June, 2000 Decision demonstrates that the last state court rendering a judgment on this issue clearly and expressly held that its judgment rested on state procedural bars – CPL §

440.10(2)(b), (c).  Consideration of this claim is therefore conditioned upon proof of either legal cause for petitioner's default and resulting prejudice, or actual innocence.  *See Fama*, 235 F.3d at 809; *Garcia*, 188 F.3d at 76-77; *Levine*, 44 F.3d at 126.

Petitioner has not offered any cause, in either his petition or traverse, for his failure to pursue this aspect of his *Brady/Rosario* claim in his direct appeal.  Since Pacheco has not established cause for his procedural default, or that my failure to consider the merits of this claim would result in a fundamental miscarriage of justice, I recommend that this aspect of the petition be denied on this procedural basis.[19]  <u>See</u> *Spence*, 219 F.3d at 170; *Stepney*, 760 F.2d at 45; *You*, 2003 WL 21847008, at *7 (citation omitted); *Pou*, 977 F.Supp. at 581.

### b.    Remaining *Brady/Rosario* Claims

Neither Pacheco's appellate brief nor his Article 440 motion assert the several other claims which he now argues in his federal petition, including 1) ADA Torncello failed to provide petitioner with responses to

---

[19]    In opposing the petition, respondent does not argue that Pacheco was procedurally barred from asserting this theory relating to his *Brady* and *Rosario* claims.  Accordingly, if petitioner believes that the dismissal of this aspect of petition is inappropriate because of his procedural default, he should raise this objection in a timely-filed response to this report and recommendation.  *See Acosta*, 221 F.3d at 124.

the bill of particulars served on the prosecution; 2) the prosecution

suppressed evidence which could have impeached the credibility of its

witnesses; 3) ADA Torncello failed to provide Pacheco's counsel with a

copy of A.R.'s cooperation agreement; and 4) the prosecution failed to

disclose to the defense the grand jury testimony of a member of the

Sheriff's Department.  *See* App. Br. at 20-38; Article 440 Motion at 2-6.

Thus, I agree with the respondent that petitioner has not exhausted these

aspects of his *Brady/Rosario* claims.  *See* Respondent's Memorandum

(Dkt. No. 12) at 6-8.

Since these claims are based upon matters readily discernable from

the record, Pacheco is procedurally barred from raising these arguments

in the state courts.  *Aparicio*, 269 F.3d at 91.  I therefore "deem" these

claims exhausted, *Spence*, 219 F.3d at 170; *Senor*, 2002 WL 31102612,

at *10, but find that they are procedurally defaulted.  *Aparicio*, 269 F.3d at

90.  My review of the claims is therefore subject to Pacheco establishing

cause for his default and resulting prejudice, or presenting evidence to

show that he is actually innocent of the criminal sale of a controlled

substance in the third degree charge.  *Ramirez*, 280 F.3d at 94 (citations

omitted); *King*, 210 F.Supp.2d at 182.

Pacheco has failed to establish cause for his failure to exhaust these claims. Although he now faults trial counsel for failing to obtain the *Brady/Rosario* material, *see* Petition (Dkt. No. 1) at 10, I note that Pacheco never argued in the state courts that his counsel rendered ineffective assistance based upon his failure to obtain such documents from the prosecution. *See* App. Br. at 20-38; Article 440 Motion at 2-6. "A petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred." *Reyes*, 118 F.3d at 140; *see also Murray*, 477 U.S. at 489; *Zelaya v. Mantello*, 00CIV.0865, 2003 WL 22097510, at *5 (S.D.N.Y. Sept. 10, 2003); *Santiago v. McGinnis*, CIV.00-5870, 2002 WL 31946709, at *4 (E.D.N.Y. Oct. 21, 2002); *Carey v. Supt.*, 99-CV-0821, slip op. at 5 (N.D.N.Y. Sept. 29, 2003) (McAvoy, S.J.) (citing *Murray*).

Since Pacheco has not demonstrated cause for his failure to exhaust these claims or that he is actually innocent of the crime of which he stands convicted, I recommend that these portions of petitioner's fourth ground for relief be denied on this procedural basis. *Stepney*, 760 F.2d at 45; *Pou*, 977 F.Supp. at 581.

5.      Ground Six[20]

In his sixth ground, Pacheco claims he received ineffective

assistance of counsel at trial.  In support of this claim, petitioner argues

that his trial attorney 1) slept during the prosecution's closing argument; 2)

ignored Pacheco's request that counsel obtain all *Brady* and *Rosario*

material in the prosecution's possession; 3) failed to alert Justice Lamont

to the fact that ADA Torncello had engaged in a conversation with a juror

outside the courtroom; 4) did not adequately prepare a defense to the

charges against Pacheco; and 5) provided "false testimony" in the course

of his representation of Pacheco.  *See* Petition (Dkt. No. 1) at 9-10.

Respondent argues that Justice Lamont properly found Pacheco's

ineffectiveness claims to be without merit, and that, as a result, his sixth

ground for relief should be denied.  *See* Respondent's Memorandum (Dkt.

No. 12) at 11-13.

a.      Exhausted Claims

Petitioner's claims that his attorney 1) slept during ADA Torncello's

summation; 2) failed to advise Justice Lamont that ADA Torncello had

_____

[20]      As noted above, I have considered petitioner's fifth ground for relief,
which alleges prosecutorial misconduct, in conjunction with his first ground for relief,
which also asserts such a claim.

41

engaged in a conversation with a juror outside the courtroom; 3) did not

properly prepare a defense to the charges; and 4) made false

representations to Justice Lamont were all asserted by Pacheco in his

Article 440 Motion.  *See* Article 440 Motion at 4-5.  Justice Lamont denied

this aspect of Pacheco's Article 440 Motion, finding that he "failed to

demonstrate that he was deprived of a fair trial by less than meaningful

representation due to any deficiency of his trial counsel."  June, 2000

Decision at 4.

> i.    Clearly Established Supreme Court Precedent

The Sixth Amendment to the United States Constitution provides that

"[i]n all criminal prosecutions, the accused shall enjoy the right ... to have

the Assistance of Counsel for his defence."  U.S. Const., Amend. VI.  To

establish a violation of this right to the effective assistance of counsel, a

habeas petitioner must typically show both a) that counsel's representation

fell below an objective standard of reasonableness, measured in the light

of the prevailing professional norms; and b) resulting prejudice that is, a

reasonable probability that, but for counsel's unprofessional performance,

the outcome of the proceeding would have been different.  *Strickland v.*

*Washington*, 466 U.S. 668, 688-90, 104 S.Ct. 2052, 2059 (1984); *Wiggins*

*v. Smith*, 539 U.S. 510,  ___, 123 S.Ct. 2527, 2535 (2003) ("the legal

principles that govern claims of ineffective assistance of counsel" were

established by the Supreme Court in *Strickland*).

Since "the rule set forth in *Strickland* qualifies as "clearly established

Federal law[,]" *see Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495,

1512 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir.

2001), I must determine whether Justice Lamont's denial of Pacheco's

ineffectiveness claim is either contrary to, or an unreasonable application

of, *Strickland* and its progeny.

> ii.     Contrary To, Or Unreasonable Application Of, Supreme
>         Court Precedent

With respect to Pacheco's claim that his attorney slept during the

prosecution's closing argument (Petition (Dkt. No. 1) at 10), I note that

Pacheco's counsel lodged an objection during the course of ADA

Torncello's summation.  Tr. at 386.  This fact, coupled with the lack of any

evidence supporting this aspect of Pacheco's claim, demonstrates that

petitioner is not entitled to habeas relief on this theory.  As to Pacheco's

claim regarding the prosecutor's alleged conversation with a juror near a

courthouse elevator (Petition (Dkt. No. 1) at 10), I find – as I did in the

context of Pacheco's prosecutorial misconduct claim relating to this issue

– that petitioner has not offered any evidence to support this theory in the context of his ineffectiveness claim.  Specifically, although petitioner claims that his allegations regarding that conversation can be established by reference to Pacheco's pre-sentence report, *see* Petition (Dkt. No. 1) at 10, petitioner did not provide a copy of that report with his Article 440 motion, his reply brief in further support of that application, or in any of the papers he submitted in conjunction with the present habeas application.[21] Nor has petitioner provided any evidence in support of his claim that his attorney rendered ineffective assistance when counsel represented to Justice Lamont that Pacheco had listened to an audiotape prior to trial.[22] *See* Petition (Dkt. No. 1) at 9-10.  These aspects of Pacheco's sixth ground for relief should therefore be denied due to petitioner's failure to establish these claims by a preponderance of the evidence.  *See Walker*, 312 U.S. at 286, 61 S.Ct. at 579; *Whitaker*, 123 F.3d at 716; *Frazier*, 187 F.Supp.2d at 108.  Finally, I note that although Pacheco argues that his attorney's pretrial preparation was inadequate, as another judge of this

---

[21]     In denying Pacheco's Article 440 Motion, Justice Lamont noted that Pacheco's claims regarding the alleged conversation between ADA Torncello and a juror were made "without any supporting affidavit or evidence."  June, 2000 Decision at 5.

[22]     Petitioner has not stated what he claims was contained on the audiotape.

court has previously noted, a petitioner's "[b]ald assertion that counsel should have conducted a more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably."  *Sheedy v. United States*, 96-CV-1289, 1997 WL 394664, at \*9 (N.D.N.Y. July 8, 1997) (Munson. S.J.) (quoting *Matura v. United States*, 875 F.Supp. 235, 237 (S.D.N.Y. 1995)) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

In light of the foregoing, I conclude that Justice Lamont's denial of these portions of Pacheco's Article 440 Motion alleging ineffective assistance of counsel is neither contrary to, nor represents an unreasonable application of, *Strickland* and its progeny.  I therefore recommend that this aspect of Pacheco's petition be denied.

b.   Unexhausted Claim

I note that Pacheco never argued in the state courts that his attorney rendered ineffective assistance by failing to obtain all *Brady* and *Rosario* material from the prosecution.  *See* App. Br. at 20-38; Article 440 Motion at 2-6.  Respondent therefore urges the court to deny this claim as unexhausted.  *See* Respondent's Memorandum (Dkt. No. 12) at 6-8, 11.

As with his claims alleging *Brady* and *Rosario* violations on the part

of the prosecution, petitioner cannot now pursue in state court his claim that Pacheco's trial counsel rendered ineffective assistance by failing to obtain the above evidence from the prosecution.  I therefore must deem these allegations to be exhausted, but procedurally defaulted.  *See Aparicio*, 269 F.3d at 91.  As such, my review of the substance of this claim is conditioned upon petitioner demonstrating cause for his default and resulting prejudice, or presenting evidence to show that he is actually innocent of the criminal sale of a controlled substance in the third degree charge.  *Ramirez*, 280 F.3d at 94 (citations omitted); *King*, 210 F.Supp.2d at 182.

Petitioner has failed to establish cause for his procedural default. Significantly, Pacheco never argued in the state courts, and has not claimed in this proceeding, that his appellate attorney rendered ineffective assistance by failing to raise this issue in her appellate brief.[23]  Since Pacheco has not provided this court with any evidence which demonstrates cause for his procedural default, or that he is actually innocent of the crime, I recommend that this aspect of petitioner's sixth ground for relief be denied.

---

[23]     Petitioner was represented by James Banagan, Esq. at trial, and by Theresa M. Suozzi, Esq. on appeal.

46

6.    Ground Seven

In his seventh and final claim, Pacheco argues that his conviction

was improper because "[t]he witnesses all gave contradicting testimony."

*See* Petition (Dkt. No. 1) at 11.  Like the respondent in opposing this

aspect of the petition, I will construe this claim as one challenging the

sufficiency of the evidence offered against Pacheco.[24]  *See* Respondent's

Memorandum (Dkt. No. 12) at 13.

i.    Clearly Established Supreme Court Precedent

The Due Process Clause of the United States Constitution protects a

defendant in a criminal case against conviction except upon proof beyond

a reasonable doubt of every fact necessary to constitute the crime with

which he or she is charged.  *See Jackson v. Virginia*, 443 U.S. 307, 315,

99 S.Ct. 2781, 2787 (1979); *Fiore v. White*, 531 U.S. 225, 228-29, 121

S.Ct. 712, 714 (2001).  In a challenge to the sufficiency of evidence

presented at trial, federal courts are to determine "whether the evidence

adduced at trial could support any rational determination of guilty beyond a

reasonable doubt."  *United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct.

471, 478 (1984) (citing *Jackson*) (other citations omitted).  This court is

---

[24]     Pacheco's appellate counsel argued that there was insufficient
evidence adduced at trial to convict Pacheco.  *See* App. Br. at 29-33.

therefore called upon to determine whether the Third Department's decision which denied this aspect of Pacheco's appeal (*Pacheco*, 274 A.D.2d at 748, 711 N.Y.S.2d at 568) is contrary to, or involved an unreasonable application of, *Jackson* and its progeny.

> ii.   Contrary To, or Unreasonable Application of, Supreme Court Precedent

A convicted defendant challenging the sufficiency of the evidence supporting a conviction bears a heavy burden.   *Fama*, 235 F.3d at 811; *United States v. Brewer*, 36 F.3d 266, 268 (2d Cir. 1994).   The reviewing court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor.   *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.   Moreover, in determining sufficiency of the evidence, a court must look to state law to ascertain the elements of the crime.   *See Jackson*, 443 U.S. at 324, 99 S.Ct. at 2792; *Fama*, 235 F.3d at 811 (citing *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999), *cert. denied*, 528 U.S. 1170, 120 S.Ct. 1196 (2000)).

As noted above, a person is guilty of third degree criminal sale of a controlled substance when he or she knowingly and unlawfully sells a narcotic drug to another.   *See* N.Y. Penal L. § 220.39(1).   The evidence established that at least one of the two foil packets which were sold to A.R.

by Pacheco contained heroin.[25]   *See* Tr. at 73-76, 194-97, 267-69, 309-10, 315-23.  Moreover, Investigator Vogel indicated that, with the aid of the body wire that had been placed on A.R.'s person, he was able to overhear the drug transaction take place between A.R. and Pacheco.  Tr. at 192-93.  Additionally, Investigator Vogel testified that immediately after A.R. met with Pacheco, A.R. provided Investigator Vogel with the two tin foil packets, at least one of which contained heroin.  Tr. at 194-95.  This evidence, taken as a whole, is plainly sufficient to surpass the relatively modest hurdle posed by *Jackson*.

Finally, to the extent Pacheco argues that the testimony of the prosecution witnesses was not credible, I note that federal habeas courts "are not free to reassess the fact specific credibility judgments by juries or to weigh conflicting testimony.  On collateral review this court must presume that the jury resolved any questions of credibility in favor of the prosecution."  *Ferguson v. Walker*, No. 00CIV1356, 2001 WL 869615, at *5 (S.D.N.Y. Aug. 2, 2001) (Peck, M.J.) (internal quotations and citations omitted), *adopted*, 2002 WL 31246533 (S.D.N.Y. Oct 7, 2002); *see also Bellezza v. Fischer*, No. 01-CV-1445, 2003 WL 21854749, at *15 (E.D.N.Y.

---

[25]     Heroin is designated as a controlled substance and a narcotic drug by Public Health Law § 3306(I)(b)(10); *see also* N.Y. Penal L. § 220.00(7).

Aug. 6, 2003) (citations omitted); *Cottrel v. New York*, 259 F.Supp.2d 300, 308 (S.D.N.Y. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 850-51 (1983)); *Fagon v. Bara*, 717 F.Supp. 976, 979 (E.D.N.Y. 1989) (habeas court "is not free to make credibility judgments about the testimony presented at petitioner's trial or to weigh conflicting testimony") (citing *United States v. Zabare*, 871 F.2d 282, 286 (2d Cir. 1989)).

I therefore conclude that petitioner has not demonstrated that he is entitled to habeas relief on this ground, whether it is viewed as one challenging the sufficiency of the evidence adduced at trial, or as one based upon a claim that the prosecution witnesses offered unpersuasive testimony at Pacheco's trial.  I therefore recommend that this final ground in the petition be denied on the merits.

III.    SUMMARY AND RECOMMENDATION

In sum, I find that Pacheco is procedurally barred from obtaining the relief he seeks as to certain of the theories raised in his petition. Additionally, I conclude that the remaining claims raised by Pacheco in his petition lack merit.  It is therefore hereby

RECOMMENDED, that petitioner's petition be DENIED and DISMISSED in its entirety.

50

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:      May 6, 2004
              Syracuse, NY

David E. Peebles
U.S. Magistrate Judge