**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ORLANDO PACHECO**,

                            **Petitioner**,

      v.                                  **Civil No. 9:01-CV-318 (GLS/DEP)**

**MIKE GIAMBRUNO, Superintendent,**

                            **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR PETITIONER:**

**ORLANDO PECHECO**
*Pro Se*
98-A-3406
Washington Correctional Facility
P.O. Box 180
Comstock, NY 12821-0180

**FOR RESPONDENT:**

**HON. ELIOT SPITZER**             **STEVEN H. SCHWARTZ**
Office of the Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

## Decision and Order

     Orlando Pacheco filed a habeas corpus petition challenging his New York State conviction for Criminal Sale of a Controlled Substance in the

Third Degree, and his subsequent sentence of seven to fourteen years as a second felony offender.  *See Pet., Dkt. No. 1 ("Pet.")*; *see also* 28 U.S.C. § 2254.  His petition was referred to Magistrate Judge David E. Peebles who issued an extensive report recommending that the petition be denied.[1] *See Report-Recommendation ("R&R"), Dkt. No. 20*.  Pacheco subsequently filed a timely objection.  *See Pacheco Objection, Dkt. No. 23*.

Although the court has read Pacheco's objection as broadly as possible, it fails to comply with the federal, Habeas Corpus, and this district's local rules.  Therefore, Pacheco has procedurally defaulted.  Accordingly, the court has reviewed Judge Peebles's report for clear error, and since there is none, it is adopted in its entirety, and Pacheco's petition is denied and dismissed.  *See Almonte v. New York State Division of Parole*, 9:04-CV-484, 2006 WL 149049, *3-6 (N.D.N.Y. Jan. 18, 2006).  The court writes briefly to lend context to its clearly erroneous review, and to comment on Judge Peebles's procedural default conclusions.

Pacheco listed seven grounds in support of his application for habeas relief.  *See Pet. at 7-11*.  By statute, those grounds must support the

---

[1] The court assumes familiarity with Judge Peebles's report, and the Clerk is directed to append the report to this decision.

2

proposition that he is in custody in violation of the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). As is often the case in *pro se* submissions, Pacheco failed to specifically identify the constitutional basis for his claims, and did not address traditional habeas corpus principles such as exhaustion and procedural default. Instead, he simply listed his complaints, many of which overlapped in terms of their statutory or constitutional underpinnings.

Given Pacheco's *pro se* status, Judge Peebles recognized his obligation to construe the petition as broadly as possible, *see R&R at 9*, and he did so. Thus: he interpreted the claims as broadly as his extensive judicial experience permitted; he reorganized and catalogued them for analytical purposes; he reviewed the record, documenting the relevant facts and procedural history; and, he gave detailed factual and legal reasons as to why some claims were without merit, some were unexhausted, some were procedurally defaulted, and why Pacheco had failed to demonstrate cause and prejudice or actual innocence as an exception to procedural default. *See generally, R&R.*

Pacheco's objection is sixty-eight pages long. *See Pacheco Objection.* It repeats the identical claims submitted to Judge Peebles, and

3

is almost exclusively devoted to factual assertions with citations to the underlying record which have absolutely no bearing on the report's factual and legal conclusions. There is not a single reference to the report, much less any effort to respond to either the factual or legal analysis conducted by Judge Peebles. Furthermore, despite Judge Peebles's prompt that he do so, Pacheco failed to offer any explanation for his failure to exhaust or for his procedural default. *See e.g. R&R at p. 15 n. 8; p. 38 n. 19.*

In essence, Pacheco's objection is no objection whatsoever. *See Almonte*, 2006 WL 149049, at *3-6. Accordingly the court has reviewed Judge Peebles's report for clear error, and determined that there is none. *Id.* at *6. The court also adopts Judge Peebles's conclusions regarding procedural default since Pacheco received notice and failed to respond. *See Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000).

After careful consideration of the factual and legal conclusions recited in Magistrate Judge Peebles's Report and Recommendation, Pacheco's objection, Pacheco's procedural default, and the applicable law, and for the reasons stated, the court hereby

**ORDERS** that the Report of Magistrate Judge David E. Peebles (*Dkt. No. 20*) is **ADOPTED IN ITS ENTIRETY**; and it is further

4

**ORDERED** that Petitioner Orlando Pacheco's petition for a writ of habeas corpus (*Dkt. No. 1*) is **DENIED AND DISMISSED**; and it is further

**ORDERED** that the Clerk of Court close this case.

**IT IS SO ORDERED.**

Dated: February 6, 2006
      Albany, New York

_____
Gary L. Sharpe
U.S. District Judge